UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SABRINA WHITSETTE<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARC JACOBS INTERNATIONAL, LLC<br><br>　　　　Defendant. | CASE NO. 18-1730<br><br>JUDGE JAMES S. GWIN<br><br>MAGISTRATE JUDGE DAVID A. RUIZ |

**PLAINTIFF'S REPLY ON MOTION FOR REMAND**

The first issue at bar, i.e. whether there is $75,000.00 in controversy as contemplated by 28 U.S.C. §1332(a), is well briefed and requires no reply.

Plaintiff Movant's Reply goes solely to the second issue before the Court, i.e. whether a party who suffers a violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., may thereupon state a claim for injunctive relief under R.C. 1345.09(D), where such party claims no irreparable harm. Marc Jacobs International LLC ("MJI") cites *Graiser v. Visionworks of America, Inc.,* 14-CV-828880, 2015 WL 13238576 (Cuyahoga Cty. 2015) where, as MJI recites, Judge Barker did indeed reject Mr. Graiser's pursuit of prospective injunctive relief for want of irreparable harm. However, Judge Barker also opined that Mr. Graiser had a remedy at law and granted leave to amend the *Graiser* complaint to state a damage action.

1

Of far more significance, however, is *McClatcher v. Ontel Products Corp.*, Case No. 17-cv-000062 (Lake Cty. 2017), where the Court of Common Pleas for Lake County wrote a learned decision holding,[1] directly contrary to Judge Barker, that:

> . . . an injunction may be issued upon the mere showing that the Act has been violated . . . .
>
> Upon review, the Court declines to dismiss Plaintiff's Complaint seeking injunctive relief for an alleged violation of the Ohio Consumer Sales Practices Act pursuant to Civ.R.12(B)(6) for Plaintiff's alleged inability and/or failure to show/plead irreparable harm. (Op. at 5-6)

Following the *Ontel* decision, the Attorney General of Ohio, in a deliberate and discretionary act, adopted the *Ontel* decision for inclusion on the Ohio Public Inspection File ("OPIF"), maintained under R.C. 1345.05, to provide guidance to the Ohio legal community as to what the Ohio Attorney General regards as authoritative precedent under CSPA:[2]

> Plaintiff alleged that Defendant violated the CSPA by advertising that the 'miracle bamboo pillow' was made of bamboo when, in reality, the pillow was made of 40% viscose from bamboo and 60% polyester. In her complaint, Plaintiff sought an injunction requiring Defendant to cease its advertising and to engage in a corrective advertising campaign. Defendant filed a motion to dismiss, claiming that Plaintiff had not suffered an irreparable harm and was not entitled to seek injunctive relief. The Court found that the CSPA allows a private plaintiff to seek injunctive relief for a violation of the CSPA; as a statutory relief, a plaintiff is not required to show a great or irreparable injury.

This is a significant development, as the AG officially summarized the case in

---

[1] *Ontel* opinion submitted as an attachment to this Reply.
[2] https://opif.ohioattorneygeneral.gov/Case/Detail/4074

relevant part as bearing on whether a private party may bring an injunctive action under R.C. 1345.09 (D) without reference to "irreparable harm" as required under Civil Rule 65. CSPA Plaintiffs theretofore had no way of arguing that the Ohio Attorney General acknowledges the role of Private Attorneys General in the enforcement CSPA for the public good. This issue was not addressed in the OPIF in 45 years since passage of CSPA. The AG's Administrative Rules and Public Inspection File under CSPA are important sources of guidance to the courts.[3]

For the reasons set forth above and in the initial brief supporting remand, the Motion to Remand should be granted.

Respectfully submitted,

/s/ Mark Schlachet_____
Mark Schlachet (#0009881)
3515 Severn Road
Cleveland Heights, Ohio 44118
Telephone: 216/225-7559
Facsimile: 216/932-5390
Email: mschlachet@gmail.com

*Counsel to Plaintiff Sabrina Whitsette*

CERTIFICATE OF SERVICE

All parties entitled to service will be served by means of the Court's ECF system.

/s/ Mark Schlachet_____
Mark Schlachet (0009881)

---

[3] See https://opif.ohioattorneygeneral.gov