IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

MARY McCLATCHER,  ) CASE NO. 17CV000062
 )
Plaintiff ) JUDGE VINCENT A. CULOTTA
 )
vs. ) **JUDGMENT ENTRY**
 )
ONTEL PRODUCTS CORP., )
 )
Defendant )

This matter comes before the Court for consideration of the Defendant Ontel Products Corp.'s Motion to Dismiss, the Memorandum of Fact and Law in Opposition to Defendant Ontel Products Corp.'s Motion to Dismiss; and the Reply Memorandum in Support of Motion to Dismiss.

## STATEMENT OF THE CASE

Plaintiff Mary McClatcher initiated this action against Ontel Products Corp. alleging one claim for injunctive relief pursuant to R.C. §1345.09(D). Plaintiff contends that her action seeks to remedy the ongoing unfair and deceptive business practice of Defendant Ontel Products Corp. with respect to the advertising, marketing, and sales of textile products not directly woven from bamboo fibers but described as bamboo. Specifically, Plaintiff indicates that Defendant markets, sells, and distributes the "Miracle Bamboo Pillow" which is not actually made of bamboo. Plaintiff contends that Defendant's marketing and sale of the pillow is deceptive and in violation of the Ohio Consumer Sales Practices Act. Plaintiff further contends that there have been prior Federal Trade Commission Proceedings regarding textile fiber product misrepresentations. Plaintiff indicates that during the spring of 2016, she observed a televised commercial for Ontel Products Corp.'s miracle pillow and purchased two for approximately $49.00. Plaintiff indicates that she purchased the pillows in order to get a "cool night's sleep" as promised in the advertisement, but after two week's use, the pillow failed to give her a "cool night's sleep." Plaintiff indicates that after conferring with counsel, she reviewed the material tag on the pillowcase and discovered that the pillow was not bamboo, but 40% viscose from bamboo and 60% polyester. Plaintiff maintains that the commercial communicates that the pillow is not a

1

normal polyester pillow and she would not have purchased it had she known it was a polyester pillow.

Plaintiff contends that the failure to disclose polyester is another Ohio Consumer Sales Practices Act violation. Plaintiff further contends that she did not receive the benefit of the bargain in the transaction because she did not receive a bamboo pillow as advertised. For her claim for injunctive relief, Plaintiff seeks an injunction: 1) requiring Defendant to immediately cease its conduct; 2) enjoining Defendant from continuing to misrepresent and conceal material information, and continuing to conduct business via the unlawful, unfair, and deceptive business acts and practices; and 3) ordering Defendant to engage in a corrective advertising campaign. Plaintiff also seeks its attorney fees and costs.

## DEFENDANT'S MOTION TO DISMISS

At this time, Defendant Ontel Products, Corp. is seeking an Order dismissing this action pursuant to Civ.R. 12(B)(6). It is Defendant's position that dismissal is required because Plaintiff has failed to plead the elements necessary to support her singular claim for injunctive relief and also because she lacks standing to pursue such a claim. Specifically, Defendant contends that Plaintiff cannot allege irreparable harm which is required for issuance of an injunction under R.C. §1345.09. Defendant notes that Plaintiff has not pled irreparable harm and cannot do so. Rather, it is Defendant's position that Plaintiff has pled a past harm in that now that she reviewed the pillow's label, she will not purchase one again. Defendant maintains that the harm Plaintiff has alleged can be assuaged with a monetary award and is therefore not an irreparable harm.

Defendant further contends that Plaintiff lacks standing to seek an injunction because she is not at risk of suffering any future harm from the enjoined conduct. Defendant asserts that Plaintiff is undisputedly knowledgeable about the exact material and performance of her pillows, will not purchase another pillow from Ontel Products, Corp., and therefore, will not suffer any future harm from Ontel Products, Corp.

## PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS

Plaintiff has opposed Defendant's Motion to Dismiss noting that she does not seek damages, but instead seeks to achieve a cessation of the alleged deceptive trade practices.

Plaintiff further argues that Ontel's cited authority on the issue of the necessity of showing irreparable harm to maintain an action for an injunction has been overruled and rejected. Specifically, Plaintiff maintains that in order to obtain declaratory judgment, injunctive relief, or other appropriate relief under R.C. §1345.09, a consumer must show a violation of the Ohio Consumer Sales Practices Act. See *Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961 (N.D. Ohio 2009).

Plaintiff further asserts that both the Supreme Court of Ohio as well as the Eleventh District Court of Appeals have rejected Defendant's legal position with regard to the requirement that irreparable harm be shown to maintain an action for injunctive relief. See *Ackerman v. Tri-City Geriatric & Health Care, Inc.*, 55 Ohio St.2d 51 (1978) and *Mid-America Tire, Inc. v. PTZ Trading, Ltd.*, 95 Ohio St.3d 367 (2002). Plaintiff maintains that the Eleventh District Court of Appeals held that an individual consumer may make a claim for injunctive relief under R.C. §1345.09 without showing irreparable harm. See *LCD Videography, L.L.C. v. Finomore*, 2010-Ohio-6571.

Plaintiff also argues that there is no basis in the Consumer Sales Practices Act to distinguish between public and private attorneys as to their standing to seek injunctive relief under R.C.§§ 1345.07 and 1345.09. Plaintiff notes that R.C. §1345.07 provides the basis under which the Ohio Attorney General may bring an action for an injunction while R.C. §1345.09 provides the basis under which a private individual may bring a claim for injunctive relief. Plaintiff maintains that both sections allow an action for ongoing violations and therefore, Plaintiff has standing to bring an action for injunctive relief against Defendant. Plaintiff further maintains that to allow Defendant to continue falsely advertising bamboo pillows results in the CSPA having no meaning.

## DEFENDANT'S REPLY IN SUPPORT OF DISMISSAL

In reply, Defendant contends that nothing in the Plaintiff's brief saves her claim from dismissal. Defendant maintains that Plaintiff cannot allege irreparable harm necessary to state a claim for injunctive relief pursuant to R.C. §1345.09(D). Defendant further asserts that Plaintiff's reliance on *Ackerman*, 55 Ohio St. 2d 51, is misplaced because R.C. §1345.09(D) does not set forth specific standards for the issuance of injunctive relief and thus, Plaintiff must show irreparable harm. Defendant maintains that Ackerman did not involve the Ohio Consumer Sales

3

Practices Act and instead dealt with R.C. §3721.08(B) which relates to injunction requests made by the Director of Health and not a private citizen.

Defendant notes that the *Ackerman* exception to the general injunctive relief requirements has been limited in *Proctor & Gamble, Co. v. Stoneham*, 140 Ohio App.3d 260 (2000) and *State ex. Rel. Jones v. Hamilton Cty. Bd. Of Comm'rs*, 124 Ohio App. 3d 184 (1997) (Unless a statute sets forth specific guidelines for issuing injunctive relief, a plaintiff must prove the elements that apply to injunctions generally, including irreparable harm.) Defendant further notes that in *Mid-America Tire, Inc.*, 95 Ohio St.3d 367, the case involved a request for injunctive relief under R.C. §1305.08(B), which contains four specific conditions that must be met before a court can issue an injunction.

Defendant contends that *LCD Videography*, 2010-Ohio-6571, also does not apply because the Eleventh District Court of Appeals did not address when the *Ackerman* exception may be properly employed. Defendant notes that one portion of the decision quoted by Plaintiff in its brief is a summary of the *Ackerman* decision while the other portion of the decision quoted by Plaintiff is merely dicta. Defendant maintains that the *LCD Videography* decision did not involve a statutory injunction at all.

Defendant argues that the weight of authority holds that a plaintiff in a private Consumer Sales Practices Act must plead irreparable harm to state a claim for injunctive relief. See *Mick v. Level Propane Gases, Inc.* 168 F.Supp.2d 804 (S.D. Ohio 2001), wherein it was held that a request for injunctive relief under R.C. §1345.09(D) must satisfy traditional equitable requirements. The court determined that the plaintiff had suffered harm that could be compensated with money and not irreparable harm. Thus, the plaintiff was not entitled to injunctive relief. Defendant maintains that *Level Propane Gases* has never been overruled and it is not illogical.

Defendant further argues that Plaintiff's statutory interpretation arguments are fatally flawed because they render the language of R.C. §1345.07 "mere surplusage." Specifically, Defendant notes that R.C. §1345.07 permits the Ohio Attorney General to bring an action to obtain a TRO or preliminary injunction against a supplier violating the CSPA. Defendant further notes that R.C. §1345.09(D) governs private-party actions and merely permits a plaintiff to seek declaratory judgment, an injunction, or other appropriate relief, but does not authorize the issuance of an injunction upon a mere showing that the CSPA has been violated as does R.C.

§1345.07. Defendant maintains that there is a distinction between R.C. §1345.07 and R.C. §1345.09

Defendant maintains that unless the statute sets forth specific factors which must be shown in order to obtain injunctive relief, a plaintiff is required to prove all of the general elements necessary to obtain injunctive relief, including irreparable harm.

Defendant further maintains that Plaintiff lacks standing to bring this action because her alleged damages cannot be redressed by the issuance of an injunction preventing Defendant from advertising its pillows. Defendant also argues that Plaintiff should not be allowed to file an Amended Complaint to avoid dismissal.

## COURT'S ANALYSIS AND CONCLUSION

In general, to establish a claim for injunctive relief, a plaintiff must show, by clear and convincing evidence: (1) the likelihood of success on the merits; (2) granting the injunction will prevent irreparable harm; (3) the potential injury that may be suffered by the defendant will not outweigh the potential injury suffered by the plaintiff if the injunction is not granted; and (4) whether the public interest will be served by the granting of the injunction. *Cleveland v. Cleveland Electric Illuminating Co.*, 115 Ohio App.3d 1, 12 (1996).

When a statute grants a specific injunctive remedy to an individual or to the state, the party requesting the injunction need not aver and show, as under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law. *Ackerman*, 55 Ohio St.2d at 56, quoting *Stephan v. Daniels*, 27 Ohio St. 527, 536, 1875 WL 203 (1875). See also *Mid-Am. Tire*, 2002-Ohio-2427, ¶ 75.

The CSPA expressly provides for injunctive relief. Specifically, R.C. §1345.09(D) provides that "[a]ny consumer may seek * * * an injunction * * * against an act or practice that violates this chapter." For this reason, a plaintiff need not allege an actual physical injury, but instead, is required under the CSPA to allege some type of injury, whether economic or noneconomic, and/or to request injunctive relief. The CSPA is designed to assure that consumers will recover "any damages" caused by deceptive acts or practices. Because R.C. §1345.09(D), provides a specific injunctive remedy to the individual consumer, an injunction may be issued upon the mere showing that the Act has been violated. See *Whitaker v. M.T. Automotive, Inc.*, 111 Ohio St.3d 177, 2006-Ohio-5481, 855 N.E.2d 825, ¶ 13, *Warren v. Denes Concrete, Inc.*,

2009-Ohio-2784, ¶¶ 32-33, *Blankenship v. CFMOTO Powersports, Inc.*, 2011-Ohio-948, ¶ 11, 161 Ohio Misc. 2d 5, 11, 944 N.E.2d 769, 773, *Ackerman*, 55 O.St.2d 51, *Brown v. Deacon's Chrysler Plymouth, Inc.*, 14 O.Ops.3d 436 (Ct.App. Cuyahoga Cty. 1979), and *Rashid v. Cherokee Motors, Inc.*, No. A 8006561, 1981 WL 169163, at *2 (Ohio Com. Pl. Mar. 11, 1981).

Where the statutory conditions are satisfied, and injunctive relief is authorized by statute, the usual grounds for injunctive relief (i.e. irreparable injury or no adequate remedy at law) need not be shown." *Brown v. Spitzer Ford Inc.*, 11 Ohio Ops.3d 84, 88 (Ohio App.1978); *Compoli v. Providence*, No. 505876, 2004 WL 878475, at *2 (Ohio Com. Pl. Mar. 25, 2004).

Upon review, the Court declines to dismiss Plaintiff's Complaint seeking injunctive relief for an alleged violation of the Ohio Consumer Sales Practices Act pursuant to Civ.R. 12(B)(6) for Plaintiff's alleged inability and/or failure to show/plead irreparable harm.

Further, turning to the issue of standing, the Court notes that the CSPA "is a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. §1.11." *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29, 548 N.E.2d 933 (1990) and *Whitaker*, 111 Ohio St. 3d at 180. Liberally construing the CSPA and the economic and equitable damages available to Plaintiff for violation of the CSPA, the Court finds that Plaintiff does have standing to bring a claim for injunctive relief.

**ACCORDINGLY**, Defendant Ontel Products Corp.'s Motion to Dismiss is not well taken and denied. Defendant has fourteen days from the date of this Entry to file an Answer to Plaintiff's Complaint.

**IT IS SO ORDERED.**

VINCENT A. CULOTTA, JUDGE

Copies:

Mark Schlachet, Esq.
Ronald D. Holman II, Esq.

6