UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------
                                          :
SABRINA WHITSETTE,                        :
                                          :    Case No. 1:18-cv-1730
            Plaintiff,                    :
                                          :
vs.                                       :    OPINION & ORDER
                                          :    [Resolving Doc. 5]
MARC JACOBS INTERNATIONAL, LLC,           :
                                          :
            Defendant.                    :
                                          :
-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Sabrina Whitsette originally brought this action in the Ohio Court of Common Pleas, alleging that Defendant Marc Jacobs International, LLC ("MJI") violated the Ohio Consumer Sales Practices Act[1] by falsely advertising that its Shameless Youthful Look 24-Hour Foundation makeup lasts for 24 hours on a consumer's skin.[2] Plaintiff sought an injunction that would require MJI to alter its allegedly misleading Ohio product messaging and to engage in a corrective marketing campaign, as well as an award of attorney's fees and costs.[3] MJI subsequently petitioned to remove the action to federal court on the basis of diversity of citizenship under 28 U.S.C. § 1441(b).[4] Plaintiff Whitsette now moves to remand the case to state court.[5]

For the reasons below, the Court **GRANTS** the motion to remand.

## I. Discussion

Plaintiff Whitsette requests that the Court remand her case to state court under 28 U.S.C. § 1447(c) on two grounds. First, she argues that her claim is not justiciable in federal court under Article III of the United States Constitution because she lacks standing. Second, she argues that this Court lacks subject-matter jurisdiction over her claim because the amount in controversy does not

---

[1] O.R.C. § 1345.01 *et seq.*
[2] *See* Doc. 1-2.
[3] Plaintiff's complaint does not seek monetary damages. *See* Doc. 1-2.
[4] Doc. 1.
[5] Doc. 5. Defendant opposes. Doc. 8. Plaintiff replies. Doc. 10.

Case No. 1:18-cv-1730
Gwin, J.

meet the $75,000 requirement set by the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

The case will be remanded to state court because Plaintiff lacks Article III standing. The existence of a "case or controversy" is an "elemental precondition" of federal-court jurisdiction, and standing is one element of this requirement.[6] To demonstrate standing, the plaintiff must show that she has suffered a concrete and particularized injury-in-fact that is fairly traceable to the defendant's conduct and is likely to be redressed by a favorable decision.[7] In a suit for injunctive relief, a plaintiff lacks Article III standing unless the injury is ongoing or she is likely to suffer the alleged injury again in the future.[8] A consumer seeking injunctive relief to remedy false advertising must allege that she is likely to purchase the allegedly mislabeled product again in the future to have standing.[9]

Here, Plaintiff seeks only injunctive relief and does not allege that she will be deceived into purchasing Shameless Youthful Look 24-Hour Foundation again in the future. She only alleges that she paid an unjustified premium for the product in the past on the basis of MJI's alleged misrepresentations,[10] and so she lacks Article III standing.[11]

Defendant MJI does not dispute that Plaintiff lacks Article III standing. Instead, relying on upon the Sixth Circuit's unpublished opinion in *Aarti Hospitality, LLC v. City of Grove City, Ohio*,[12] it urges this Court to dismiss the suit outright lieu of remanding it to state court. Defendant argues that this disposition is appropriate because Plaintiff lacks standing under *state* law to bring her claim.

However, Plaintiff's lack of Article III standing does not, by itself, foreclose the possibility that

---

[6] *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).
[7] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016).
[8] *See City of Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983) (finding that plaintiff lacked standing to pursue an injunction because it was unlikely that he would be subjected to unlawful choke-holds in the future).
[9] *See Graiser v. Visionworks of Am., Inc.*, No. 1:14-CV-01641, 2015 WL 248003, at *4 (N.D. Ohio Jan. 20, 2015), *vacated on other grounds*, 819 F.3d 277 (6th Cir. 2016) (plaintiff lacked standing to pursue injunction barring allegedly deceptive advertising because "no injunction [he] could obtain would prevent a future injury"); *Neuman v. L'Oreal USA S/D, Inc.*, No. 1:14-CV-01615, 2014 WL 5149288, at *2 (N.D. Ohio Oct. 14, 2014) (holding that plaintiff lacked standing because she did not allege that she would purchase the allegedly deceptive product again in the future).
[10] Doc. 1-2 at ¶ 7.
[11] *See O'Shea v. Littleton*, 414 U.S. 488, 495 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.")
[12] 350 F. App'x 1 (6th Cir. 2009).

she may obtain relief in state court.  This Court's authority to grant relief consistent with Article III is a distinct issue from the Plaintiff's right to bring suit under state law,[13] and Plaintiff may potentially have standing to bring her suit in state court.

This Court denies Defendant's request to dismiss the case for two reasons.  First, because "[j]urisdiction is the power to declare the law," this Court cannot proceed "at all in any cause" where the requirements of Article III are not met.[14]  As Plaintiff's standing under the Ohio Consumer Sales Practices Act is a matter of substantive Ohio law,[15] this Court lacks the authority to rule on Plaintiff's right to bring this claim under state law absent Article III's federal jurisdiction.  Second, 28 U.S.C. § 1447(c), which governs the treatment of cases after removal from state court, dictates that remand to state court—not dismissal—is appropriate where federal subject-matter jurisdiction over the case is lacking.[16]

Defendant MJI's reliance on *Aarti Hospitality* is misplaced.  There, the Sixth Circuit dismissed the plaintiffs' state-law claims for declaratory relief for lack of state-law standing, without first determining whether the standing requirements of Article III had been met with regard to these claims.[17]  However, the action in *Aarti Hospitality* was originally brought in federal court, alleging violations of both federal and state law.  For that reason, dismissal (as opposed to remand) was the appropriate course in light of the jurisdictional defects the court identified.  Furthermore, the court in *Aarti Hospitality* did not explicitly reach the issue of Article III standing with regard to the state-

---

[13] *See Aarti Hospitality*, 350 F. App'x at 5 (noting that in some "public interest" cases, "Ohio law, unlike Article III, does not require the complaining party to have been injured in order to have standing to sue"); *Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury.").

[14] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). *See also Warth v. Seldin*, 422 U.S. 490, 498 (noting that standing is "the threshold question in every federal case, determining the power of the court to entertain the suit").

[15] *See Aarti Hospitality*, 350 F. App'x at 4 (citing *Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 225 (1996)).

[16] *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Page v. Tri-City Healthcare Dist.*, 860 F. Supp. 2d 1154, 1171 (S.D. Cal. 2012) ("Where a plaintiff in a removed action lacks federal standing to sue, the action should generally be remanded, not dismissed.").

[17] *Aarti Hospitality*, 350 F. App'x at 5.

Case No. 1:18-cv-1730
Gwin, J.

law claims.[18] For this reason, *Aarti Hospitality* does not support the proposition that dismissal on substantive state-law grounds is appropriate where (as here) Article III standing is undisputedly lacking.[19]

Because this Court has found that Plaintiff lacks Article III standing, it is not necessary to reach Plaintiff's arguments that this Court also lacks subject-matter jurisdiction over her claim because the amount in controversy does not meet the $75,000 threshold established by 28 U.S.C. § 1441(b).[20]

## II. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand her case to state court.

IT IS SO ORDERED.

Dated: August 22, 2018             *s/      James S. Gwin*
                                                                                                 JAMES S. GWIN
                                                                                                 UNITED STATES DISTRICT JUDGE

---

[18] That the court reached the merits of the plaintiffs' constitutional claims, at least, presupposes that the plaintiffs had Article III standing to sue under federal law on some of their claims. *See Aartis Hopsitality*,

[19] Furthermore, other Sixth Circuit decisions are contrary to the *Aartis Hospitality* court's approach. See *Davis v. Detroit Pub. Sch. Cmty. Dist.*, No. 17-1909, 2018 WL 3763429, at *5 (6th Cir. Aug. 9, 2018) ("[W]e must consider whether Plaintiffs have standing under Article III before considering whether they have standing under state law"); *Campbell v. PMI Food Equip. Group, Inc.*, 509 F.3d 776, 782 (6th Cir. 2007) (noting that district court "should have begun its inquiry into the [plaintiffs' standing under state law] with an analysis under Article III of the U.S. Constitution"). Judge Kethledge's concurrence in *Aartis Hospitality* similarly cast doubt on the majority's approach. *See Aarti Hospitality*, 350 F. App'x at 13 (Kethledge, J., concurring in part and concurring in the judgment) ("There is no Supreme Court precedent . . . that permits [a federal court] to address questions of purely state law as to claims over which we lack Article III jurisdiction.").

[20] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (a federal court may "choose among threshold grounds for denying audience to a case on the merits").

-4-